UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DERRICK DUMAY<br>5107 AVE L<br>BROOKLYN, NY 11234 | : : : : : : | CIVIL ACTION<br><br><br><br>NO. |
| v. | : : | |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>60 Massachusetts Ave.<br>Washington, DC 20002 | : : : : : | JURY TRIAL DEMANDED |

## COMPLAINT

1. The Plaintiff, Derrick Dumay, is a citizen of the State of New York residing at 5107 Ave L, Brooklyn, New York.

2. The Defendant, Amtrak, is a corporation organized and existing under the laws of the District of Columbia, doing business in New York as well as in and among several states of the United States and whose principal place of business and address for service of process is 600 Massachusetts Avenue, Washington, DC 20002.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive, and under the Roadway Protection Act.

4. The defendant, Amtrak, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of New York, and other states and territories of the United States.

5. The acts of omission and commission causing injuries to the Plaintiff were done by

the defendant, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the defendant.

6. The Plaintiff was employed by defendant railroad and was acting in the scope of his employment by the defendant as a machinist and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees.

8. On or about February 13, 2019, at approximately 1:45 pm at Penn Station – NY, Plaintiff was a machinist. Plaintiff was instructed to inspect motors on Track 5D in Penn Yard. Plaintiff repeatedly asked if it was safe to go down to Track 5D and was told it was by Amtrak supervision. As Plaintiff was going to inspect the motor, a train rushed towards him on Track 5D. To save himself, Plaintiff jump under the motor he was inspecting to get out of the way.  As a result of this action, Plaintiff suffered severe trauma physically to his right knee, his spine and his mental and emotional health.

9. Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the defendant and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

    a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

    b) in failing to comply with safety rules and regulations of the defendant.

    c) in failing to comply with the operating rules and regulations of the defendant.

    d) in failing to ensure that trains are not operating on tracks while workers are working on the tracks;

      e)      failure to communicate with the train dispatcher regarding the work activity

      f)      failure to communicate with the train crew that an employee was working in the area of travel;

      g)      failure of train crew to travel under restricted speed as required through a ground/track level work area;

      h)      failure to provide on-track protection to its employees; and

      i)      in failing to comply with the applicable government regulations regarding the safety of on-track machines and the Road Worker Protection Act

10. As a result of the aforesaid, Plaintiff suffered injuries to his right knee and spine and has Post Traumatic Stress Disorder (PTSD) from this event.

11. As a result of the aforesaid, Plaintiff had incurred a medically determinable physical and mental impairment which prevents Plaintiff from performing all or substantially all the material acts and duties which constitute his usual and customary work and limits his mobility and daily activities as well as enjoyment of life.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff was unable to attend to his usual duties and occupations, all of which caused substantial financial loss.

WHEREFORE, the Plaintiff demands judgment against the defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

                KELLER & GOGGIN, P.C.
BY:   */s/ James M. Duckworth*
            James M. Duckworth
            *Counsel for Plaintiff*

Dated: January 24, 2022